UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HAIGH,<br><br>    Plaintiff,<br><br>v.<br><br>MONROEVILLE REHABILITATION AND WELLNESS CENTER.,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff, Mary Haigh, by and through her attorney, Prabhu Narahari, of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1.  Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213., the Family and Medical Leave Act ("FMLA"), 29 § U.S.C. 2601 *et. seq.*, and 42 U.S.C. §§ 1983 and 1988.

### II. Jurisdiction and Venue

2.  This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under the ADA on or about August 1, 2017 under charge number 533-2017-01185. *See Exhibit 1*.

5. Plaintiff was mailed Notice of Right to Sue from the EEOC on February 8, 2018. *See Exhibit 2.* The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, thus making this action timely.

### III. Parties

6. Plaintiff, Mary Haigh, ("Plaintiff"), is an adult individual who currently resides at 402 Euclid Ave, McKeesport, Pennsylvania 15132.

7. Defendant, Monroeville Rehabilitation and Wellness Center ("Defendant"), is a Pennsylvania corporation with a principal place of business located at 4142 Monroeville Boulevard, Pennsylvania 15146.

### IV. Facts

8. Plaintiff began working for Defendant as a Certified Nursing Assistant ("CNA") on or about September 24, 2012.

9. Plaintiff was diagnosed with HIV in 2002. Additionally, she suffers from spinal arthritis.

10. In early June of 2017, Plaintiff began experiencing flare ups from her spinal arthritis.

11. On or about June 3, 2017, Adrian Klingosmith informed Plaintiff that she needed to resign from the Union and her employment because of her HIV status and spinal arthritis. Additionally, Ms. Klingosmith instructed Plaintiff to resign before she went to the hospital.

12. Plaintiff did not resign from her position as requested.

13. From June 8, 2017 to June 11, 2017, Plaintiff was hospitalized for spinal arthritis flare ups and subsequent migraines.

14. Plaintiff's doctor instructed her to go on medical leave from June 11, 2017 until June 14, 2017, due to her continued migraines. Plaintiff's HIV specialist instructed her to go on medical leaved from June 1, 2017, until June 19, 2017.

15. Shevon Stewart, a Human Resources ("HR") Representative, approved Plaintiff's FMLA leave for June 11, 2017 to June 19, 2017.

16. Due to previously scheduled time off, Plaintiff returned to work on June 26, 2017.

17. When Plaintiff returned, she met with HR and Ms. Klingonsmith

18. Plaintiff spoke with Faith Last Name Unknown ("LNU"), Sissy LNU, and Ms. Klingonsmith regarding a discrepancy with Plaintiff's paid time off versus use of FMLA time.

19. Faith, Sissy, and Ms. Klingosmith informed Plaintiff that she should quit.

20. Plaintiff gave her security badge to the Union Vice President and told him she would be in the next day to discuss the situation.

21. On June 27, 2017 Plaintiff returned to work and met with Ms. Stewart.

22. Plaintiff was not scheduled to work on June 27, 2017, however, Ms. Stewart informed Plaintiff that she was terminated for two (2) no-call, no-shows for June 26, 2017 and June 27, 2017.

### V. Causes of Action

### COUNT I
### Termination in Violation of the ADA

23. All other paragraphs of this pleading are incorporated herein as if set forth at length.

24. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA.

25. Plaintiff was an employee with a disability within the meaning of the ADA following her HIV and spinal arthritis diagnoses.

26. Defendant was notified of, and fully aware of, Plaintiff's disability at all times relevant hereto.

27. In early June, Plaintiff experienced a flare-up of her symptoms and was forced to take FMLA leave until June 19th. Plaintiff's next day at work was on June 26th due to previously scheduled time off.

28. Despite arriving at work as scheduled on June 26th, and subsequently on June 27th to discuss her employment, Plaintiff was terminated allegedly due to "no-call, no-shows" on June 26th and 27th, despite being at work, and not being scheduled for work on June 27th.

29. Plaintiff believes, and therefore avers, that Defendant terminated Plaintiff, in whole or in part, because of her disability, despite her ability to perform the essential functions of her job with reasonable accommodations.

30. Plaintiff's unlawful termination is an adverse employment action.

31. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost

wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II
### Retaliation in Violation of the FMLA

32. All other paragraphs of this pleading are incorporated herein as if set forth at length.

33. Defendant employs more than 50 people within a 75-mile radius of the worksite where Plaintiff worked.

34. Plaintiff worked more than 1,250 hours for Defendant in the previous year prior to Defendant unlawfully terminating Plaintiff.

35. Plaintiff took FMLA-protected leave from approximately June 11, 2017 to June 19, 2017.  Plaintiff's next scheduled day at work was June 26, 2017.

36. Plaintiff was subsequently terminated on June 27, 2017.

37. Plaintiff believes, and therefore avers, that Defendant unlawfully retaliated against Plaintiff for exercising her lawful right to FMLA-protected leave by terminating Plaintiff on July 27, 2017, only one (1) day after her return from FMLA leave.

38. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

39. Defendant's acts and omissions constitute illegal retaliation under the FMLA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, liquidated damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

*[signature]*

_____
**Prabhu Narahari, Esq.**
PA ID No. 323895
**KRAEMER, MANES &
ASSOCIATES LLC**
US Steel Tower, 48th Floor
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 637-0237 Facsimile
pn@lawkm.com